IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| Kenneth L. Ketter, | ) | Case No.17-24921 GLT |
| *Debtor(s)* | ) | Chapter 13 |
| | ) | Related Docket No |
| | ) | |
| | ) | |
| Kenneth L. Ketter, | ) | |
| *Movant(s)* | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| PNC Bank N.A. | ) | |
| Ronda J. Winnecour, Chapter 13 Trustee, | ) | |
| *Respondent(s)* | ) | |

**ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY
FREE AND CLEAR OF LIENS**

AND NOW, this _____ day of _____,2021, on consideration of the Debtors' Motion for Sale of Property Free and Clear of Liens to HSH Resources, LLC, for $144,500.00 with a $5,000.00 seller's assist, after hearing held by Zoom Video Conference, this date, the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above-named Respondent, was effected on the following secured creditors whose liens are recited in said Motion for Private sale, viz:

**DATE OF SERVICE**         **NAME OF LIENOR AND SECURITY**

**June 3, 2021**            **PNC Bank N.A.
                            3232 Newmark Drive
                            Miamisburg, OH 45342**

**June 3, 2021**            **Ronda J. Winnecour
                            Chapter 13 Trustee, W.D., P.A.
                            P.O. Box 84051
                            Chicago, IL 60689-4002**

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

(3) That said sale hearing was duly advertised on the Court's website pursuant

to *W.PA LBR 6004-1(c)(2)* on June 3, 2021. Further advertisement was not necessary under W. PA LBR 6004-2(a).

(4) That at the sale hearing the highest/best offer received was that of the above Buyers and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $144,500.00 with a $5,000.00 seller's assist offered by HSH Resources, LLC was a full and fair price for the property in question.

(6) That the Sellers's real estate agent was appointed by Court Order.

(7) That the Buyer has acted in good faith with respect to the within sale in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d.143 (*3d Cir. 1986).

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by Special Warranty deed of the real property described as 114 Bowman Street Ext. Cuddy, PA 15031 in Allegheny County is hereby **CONFIRMED** to HSH Resources, LLC for $144,500.00 with a $5,000.00 seller's assist free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Buyer above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following liens(s)/claim(s) and amounts; PNC Bank, N.A. in the approximate amount of $54,200.00. *It is the responsibility of the closing agent to obtain the exact pay-off amount for each lien holder prior to closing date.* The loan will be paid in full at closing;
(2) Delinquent real estate taxes and municipal fees, if any;
(3) Current real estate taxes, pro-rated to the date of closing;
(4) Normal closing costs including title search, legal fees, revenue stamps, and any other normal and necessary closing costs;
(5) The Court approved Realtor commission in the amount of **$8,670.00 plus $295.00** is payable to Alexandra Ketter and Berkshire Hathaway Home Services The Preferred Realty;
(6) The Court approved attorney fees in the amount of **$2,815.00** payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(7) The Court filing fee of **$188.00** payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(8) Chapter 13 Trustee "percentage fees" in the amount of **$0.00** payable to "*Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230*";

(9) The Debtor's exemption pursuant to 11 U.S.C. §522(d)(1) in the amount **$23,675.00** and 11 U.S.C. §522(d)(5) in the amount of $485.00 for a total of **$24,160.00** payable to the Debtor, Kenneth L. Ketter;

(10) The "net proceeds" from the closing as identified on the HUD-1 to the Chapter 13 Trustee payable to "*Ronda J. Winnecour, Ch. 13 Trustee. P. O. Box 84051, Chicago, IL 60689-4002;*";

(11) Other:_____.

FURTHER ORDERED that:

(1) *Within seven (7) days of the date of this Order,* the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondents/Defendants (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the Debtors, the Closing Agent, the Buyers, and the attorney for the Buyers, if any, ad file a certificate of service.

(2) *Closing shall occur within ninety (90) days of this Order.*

(3) *Within seven (7) days following closing,* the Movant/Plaintiff shall file a *Report of Sale* which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

_____
Honorable Gregory L. Taddonio
United States Bankruptcy Judge